**R. Lind Stapley**, OSB No.: 030531
Email stapley@sohalang.com
**Jillian M. Henderson**, OSB No. 083623
Email henderson@sohalang.com
**Jennifer P. Dinning**, OSB No. 162794
Email dinning@sohalang.com
Soha & Lang, P.S.
1325 Fourth Ave., Ste 2000
Seattle, WA  98101-2570
(206) 624-1800
(206) 624-3583 (fax)

**Jay W. Beattie**, OSB #871631
Email: jbeattie@lindsayhart.com
**Michael J. Estok**, OSB # 090748
Email: mestok@lindsayhart.com
LINDSAY HART, LLP
1300 SW Fifth Avenue, Suite 3400
Portland, Oregon 97201-5640
Phone: 503-226-7677
Fax: 503-226-7697

**Clarke B. Holland**, California Bar No. 76805
Pacific Law Partners LLP
2000 Powell Street, Suite 950
Emerville, CA 94608
Email cholland@plawp.com
(510) 841-7777
(501) 841-7776 (fax)

*Attorneys for Defendant Oregon Mutual Ins. Co.*

DEFENDANT OREGON MUTUAL INSURANCE COMPANY'S RESPONSE TO
PLAINTIFF'S MOTION TO APPEAR AS *AMICI CURIAE* – 1
District of Oregon No. 3:20-cv-00639  HZ

6000.00526 mg20eq20gn

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **DAKOTA VENTURES, LLC d/b/a KOKOPELLI GRILL and COYOTE BBQ PUB, individually and on behalf of all others similarly situated**, | Civil No. 3:20-CV-00630 HZ |
| Plaintiffs, | **DEFENDANT OREGON MUTUAL INSURANCE COMPANY'S OPPOSITION TO UNITED POLICYHOLDERS AND NATIONAL INDEPENDENT VENUE ASSOCIATION'S  MOTION TO APPEAR AS** *AMICI CURIAE* |
| vs. | |
| **OREGON MUTUAL INSURANCE CO.** | |
| Defendant. | |

## I. INTRODUCTION

Defendant Oregon Mutual Insurance Company ("Oregon Mutual") respectfully requests that the motion by United Policyholders ("UP") and National Independent Venue Association ("NIVA") to file an amicus brief in support of Plaintiff's Response to Oregon Mutual's Motion to Dismiss be denied.  UP and NIVA's proposed brief fails to supplement Plaintiff's arguments and also fails to draw the court's attention to law that may escape its consideration.  In the absence of providing any new or additional arguments or law for this Court to consider, UP and NIVA's motion effectively attempts to interpose an additional brief on Plaintiff's behalf well after Plaintiff's briefing deadline.  Such attempt falls outside the scope and role of *amici curiae*.  Accordingly, UP and NIVA's motion to appear as *amici curiae* should be denied.

DEFENDANT OREGON MUTUAL INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S MOTION TO APPEAR AS *AMICI CURIAE* – 2
District of Oregon No. 3:20-cv-00639  HZ

6000.00526 mg20eq20gn

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 2000
SEATTLE, WASHINGTON  98101-2570
(206) 624-1800/FAX (206) 624-3585

## II. ARGUMENT

## A.    THE PROPOSED AMICUS BRIEF IS DUPLICATIVE AND SUPERFLUOUS

While UP and NIVA argue that district courts have broad discretion to admit amicus briefing, this Court also has broad discretion to deny a non-party from appearing as *amici* where, as here the circumstances warranting *amici* participation are not present.  *See* Dkt. No. 28 at 2. A court may even deny an *amicus,* notwithstanding the fact that the parties may have consented, or do not object, *American College of Obstetricians and Gynecologists, Pennsylvania Section, et al. v. Thornburgh*, 699 F.2d 644 (3d Cir 1983), particularly where the applicant's only concern is the manner in which this Court will interpret the law.  *Id.*

The "classic role" of amicus curiae has been to "assist[] in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." *Miller-Wohl Co., Inc. v. Comm'r of Labor & Indus. State of Mont*., 694 F2d 203, 204 (9th Cir 1982).  Indeed, "[n]o matter who a would-be amicus curiae is . . . the criterion for deciding whether to permit the filing of an amicus brief should be the same: whether the brief will assist the judges by presenting ideas, arguments, theories, insights, facts, or data *that are not to be found in the parties' briefs*." *Voices for Choices v. Illinois Bell Telephone Co*., 339 F.3d 542, 545 (7th Cir 2003) (Posner, J., in chambers) (emphasis added). As UP and NIVA acknowledge, this Court has previously granted an opposed motion to appear as *amici* where "[a]pplicants timely moved for permission *to provide unique information and perspective* concerning a matter of broad general public interest and specific local interest that will aid the Court…" *Central Oregon Landwatch v. Kent Connaughton et al.*, Case No. 6:13-cv-0207-AA (D Or, August 10, 2014) (emphasis added); *see also* Dkt. No. 28 at 3.  However, UP and NIVA's motion should be denied for the same reasons this Court has previously

DEFENDANT OREGON MUTUAL INSURANCE COMPANY'S RESPONSE TO
PLAINTIFF'S MOTION TO APPEAR AS *AMICI CURIAE* – 3
District of Oregon No. 3:20-cv-00639  HZ

6000.00526 mg20eq20gn

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 2000
SEATTLE, WASHINGTON  98101-2570
(206) 624-1800/FAX (206) 624-3585

granted an opposed motion to appear as *amici*, as UP and NIVA's brief fails to provide any unique information or perspective to the Court.

UP and NIVA's motion and attached brief do not offer any arguments that differ from those already addressed in Plaintiff's opposition to the motion to dismiss. Rather, UP and NIVA put forth the very same theory as Plaintiff – that direct physical loss of or damage to encompasses loss where the insured's property is rendered unusable or unusable for its intended purpose, even absent a structural or physical alteration. Plaintiff, UP and NIVA all make the same argument that the inability to use a restaurant for its intended purpose constitutes "direct physical loss of or damage to" property. *See* Dkt. No. 28 at 6-10; *see also* Dkt. No. 27 at 10-12 and 15-17. Likewise, they all further claim that contamination, or suspected or potential contamination, can cause "direct physical loss of or damage to" property. *See* Dkt. 28 at 10-12; *see also* Dkt. No. 27 at 12-15.

When a party is "represented competently" and "able to provide" the same arguments on its own behalf, an amicus brief "in effect merely extend[s] the length of the litigant's brief" and "should not be allowed." *Ryan v. Commodity Futures Trading Comm'n*, supra, 125 F3d at 1063. This is especially true when the proposed amici curiae are "partisan" and their interests are aligned with the supported party. *Time Oil Co. v. Cigna Prop. & Cas. Ins. Co.*, No. C88-1235R, 1990 WL 515585 at *2 (WD Wash Apr 2, 1990) (refusing to allow amicus brief that merely supported one party's arguments). UP and NIVA's brief is clearly partisan to Plaintiff's position. Because UP and NIVA's brief fails to offer anything except the very same arguments, based upon the very same cases, as Plaintiff has already put forward in its opposition to the motion to dismiss, the brief is duplicative. Further, it is an improper attempt to interpose additional briefing on behalf of Plaintiff. Such additional briefing should be

DEFENDANT OREGON MUTUAL INSURANCE COMPANY'S RESPONSE TO
PLAINTIFF'S MOTION TO APPEAR AS *AMICI CURIAE* – 4
District of Oregon No. 3:20-cv-00639  HZ

6000.00526 mg20eq20gn

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 2000
SEATTLE, WASHINGTON  98101-2570
(206) 624-1800/FAX (206) 624-3585

denied. UP and NIVA's proposed brief will not assist the Court in any way by presenting ideas, arguments, theories, insights, facts, or data *that are not to be found in the parties' briefs*." *Voices for Choices v. Illinois Bell Telephone Co.*, 339 F.3d 542, 545 (7th Cir 2003) (Posner, J., in chambers) (emphasis added).

Oregon Mutual's motion to dismiss involves legal issues regarding the interpretation of the Oregon Mutual insurance contract with Plaintiff. This is a question of law to be determined by the court. *Hoffman Constr. Co. v. Fred S. James & Co.,* 313 Or 464, 469, 836 P2d 703 (1992); *Woo v. Fireman's Fund Ins. Co.*, 161 Wn2d 43, 52, 164 P3d 454 (2007). However, UP and NIVA's proposed brief fails to draw attention to any law that may otherwise escape this Court's consideration. To the contrary, UP and NIVA rely upon the very same law and cases which Plaintiff relied upon in its opposition, to argue the very same legal theory as Plaintiff. Accordingly, UP and NIVA's proposed brief is superfluous and unnecessary to address the legal issues before this Court and would be prejudicial to Oregon Mutual.

Other district courts have rejected an *amici* on the grounds that their arguments merely "bolsters, but does not supplement, Plaintiff's arguments," and the "proposed brief also fails to draw the court's attention to law that may escape its consideration." *Hooper v. City of Seattle*, No. C17-0077RSM, 2017 U.S. Dist. LEXIS 138055, at \*3-5 (W.D. Wash. Aug. 28, 2017). As UP and NIVA have failed to show that their appearance as *amici* comports with the "classic role" of amicus curiae, so too should their motion should be denied. *See Miller-Wohl Co., Inc. v. Comm'r of Labor & Indus. State of Mont.*, 694 F2d 203, 204 (9th Cir 1982).

### III. CONCLUSION

UP and NIVA's proposed brief fails to present any new ideas, arguments, theories, insights, facts, or data that are not already included in the Plaintiff's opposition to Oregon

DEFENDANT OREGON MUTUAL INSURANCE COMPANY'S RESPONSE TO
PLAINTIFF'S MOTION TO APPEAR AS *AMICI CURIAE* – 5
District of Oregon No. 3:20-cv-00639 HZ

6000.00526 mg20eq20gn

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 2000
SEATTLE, WASHINGTON 98101-2570
(206) 624-1800/FAX (206) 624-3585

Mutual's Motion to Dismiss.  Further, the proposed brief fails to draw attention to any law that might otherwise escape the Court's consideration.  For the foregoing reasons, UP and NIVA's Motion to Appear as *Amici Curiae* should be denied.

DATED this 24th day of July, 2020.

SOHA & LANG, P.S.

By:    */s/Lind Stapley*

    R. Lind Stapley, OSB No.: 030531
    Email address stapley@sohalang.com
    1325 Fourth Avenue, Suite 2000
    Seattle, WA  98101-2570
    Telephone:  206-624-1800
    Facsimile:   206-624-3585

    Jay W. Beattie, OSB #871631
    Email: jbeattie@lindsayhart.com
    LINDSAY HART, LLP
    1300 SW Fifth Avenue, Suite 3400
    Portland, Oregon 97201-5640
    Phone: 503-226-7677
    Fax: 503-226-7697

    Clarke B. Holland, California Bar No. 76805
    Pacific Law Partners LLP
    2000 Powell Street, Suite 950
    Emerville, CA 94608
    Email cholland@plawp.com
    (510) 841-7777
    (501) 841-7776 (fax)

    ***Attorneys for Defendant Oregon Mutual Insurance Company***

DEFENDANT OREGON MUTUAL INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S MOTION TO APPEAR AS *AMICI CURIAE* – 6
District of Oregon No. 3:20-cv-00639  HZ

6000.00526 mg20eq20gn

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 2000
SEATTLE, WASHINGTON  98101-2570
(206) 624-1800/FAX (206) 624-3585